UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED CUSICK,

                Plaintiff,

-vs-                                                            Case No.  8:05-cv-912-T-17TGW

SARASOTA POLICE DEPARTMENT; OFFICER CHARLES RIFFE; OFFICER CHRISTOPHER HUNT; JANE DOE, Confidential Informant; MARY WILLIAMS, Parole Examiner,

                Defendants.
_____

**ORDER**

      Pro se prisoner Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants conspired to violate his Fourth, Eighth, and Fourteenth Amendment rights by the "Sarasota City Police department allowing their officers to use offensive and volatile tactics, such as the phantom use of a confidential informant's tip to justify an illegal stop, search, and seizure."

      Plaintiff alleges that on or about May 24, 2004, he was unlawfully stopped, detained, searched and arrested by Defendants Riffe and Hunt.  He alleges that when the stop and arrest was legally questioned, both defendants "swore under deposition" that the arrest was made "only after the involvement and tip from a Jane Doe (paid) confidential information, contacted the defendants via cell phone."

      Plaintiff contends that the receipt for the confidential informant fees was never produced nor were cell phone validation records produced.  He also contends that the

informant's name was never provided, and that was she never physically present.  Plaintiff alleges that in lieu of the fact that the receipt for the payment of the confidential informant, the cell phone records, and the confidential informant herself were never produced,  the charges stemming from the stop were nolle prossed. (Plaintiff was does not state the nature of the charges that were nolle prossed, but a document he filed states that the charges were for possession of a controlled substance.)

Plaintiff contends that, even though the charges were dismissed,  because he had a record reflecting that he had been on parole in excess of ten years, he was held for a parole violation revocation hearing that was conducted on January 5, 2005.  Plaintiff filed a copy of a document from the Florida Parole Commission showing that he was found to be in violation of conditions 4b and 7 of his release conditions, based on the testimony of Officer Riffe.  Because Plaintiff was found to be in violation, his parole was revoked and he was transported to the North Florida Reception Center, Lake Butler, Florida, where he is now incarcerated in the Department of Corrections.

Plaintiff seeks monetary damages.

A review of the complaint demonstrates that this case must be dismissed as premature.

## DISCUSSION

Under  Heck v. Humphrey, 512 U.S. 477, 487 (1994), a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction."  Where the success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence,

the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Plaintiff has not done so. Therefore, his claims have not yet accrued in this Court.

Accordingly, the Court orders:

1. That Plaintiff is assessed the $250.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor.

2. That Plaintiff's complaint is dismissed, as premature under Heck v. Humphrey. The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED in Tampa, Florida, on June 22, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

PRO SE: Alfred Cusick