UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED CUSICK,

Plaintiff,

-vs-                                                    Case No.  8:05-cv-912-T-17TGW

SARASOTA  POLICE  DEPARTMENT;
OFFICER  CHARLES  RIFFE;  OFFICER
CHRISTOPHER  HUNT;  JANE  DOE,
Confidential Informant; MARY WILLIAMS,
Parole Examiner,

Defendants.

_____

## ORDER

Pro se prisoner Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleged that Defendants conspired to violate his Fourth, Eighth, and Fourteenth

Amendment rights by the "Sarasota City Police department allowing their officers to use

offensive and volatile tactics, such as the phantom use of a confidential informant's tip to

justify an illegal stop, search, and seizure."

Plaintiff alleged that on or about May 24, 2004, he was unlawfully stopped, detained,

searched and arrested by Defendants Riffe and Hunt.  He alleged that when the stop and

arrest was legally questioned, both defendants "swore under deposition" that the arrest was made "only after the involvement and tip from a Jane Doe (paid) confidential information, contacted the defendants via cell phone."

Plaintiff contended that the receipt for the confidential informant fees was never produced nor were cell phone validation records produced. He also contended that the informant's name was never provided, and that was she never physically present. Plaintiff alleged that in lieu of the fact that the receipt for the payment of the confidential informant, the cell phone records, and the confidential informant herself were never produced, the charges stemming from the stop were nolle prossed. (Plaintiff was does not state the nature of the charges that were nolle prossed, but a document he filed stated that the charges were for possession of a controlled substance.)

Plaintiff contended that, even though the charges were dismissed, because he had a record reflecting that he had been on parole in excess of ten years, he was held for a parole violation revocation hearing that was conducted on January 5, 2005. Plaintiff filed a copy of a document from the Florida Parole Commission showing that he was found to be in violation of conditions 4b and 7 of his release conditions. based on the testimony of Officer Riffe. Because Plaintiff was found to be in violation, his parole was revoked and he was transported to the North Florida Reception Center, Lake Butler, Florida, and he is now incarcerated in the Department of Corrections.

Plaintiff sought monetary damages.

This Court dismissed the complaint as premature under Heck v. Humphrey, 512 U.S. 477, 487 (1994), which holds that a prisoner may not bring a claim for damages under

42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Where the success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. The Court found that Plaintiff's claims had not yet accrued in this Court.

Now, Plaintiff has filed a motion for reconsideration based on the fact that the charges were nolle prossed. The motion for reconsideration will be denied. Since an acquittal in a criminal case does not preclude a finding that a probation violation occurred based on the same conduct, the decision to revoke Plaintiff's probation was proper. As the Florida Supreme Court explained, although a criminal case must be proven beyond a reasonable doubt, a probation violation need only be proven by a preponderance of the evidence. See Russ v. State, 313 So. 2d 758, 760 (Fla. 1975); Robinson v. State, 468 So. 2d 1106 (Fla. 2d DCA 1985). See also, Morris v. State, 727 So. 2d 975, 977 (Fla. 1st DCA 1999). Further, nothing in the record shows that Plaintiff challenged his violation in the Florida State Courts.

Finally, even if Plaintiff could show that his cause of action in the present case had accrued, his complaint would be dismissed. Section 1983 imposes civil liability on any person, who under color of law, subjects, or causes to be subjected, any citizen to the deprivation of a constitutional right. 42 U.S.C. § 1983. "Section 1983 requires proof of an affirmative causal connection between the official act or omission complained of and the alleged constitutional deprivation." Bailey v. Bd. of County Comm'rs, 956 F.2d 1112, 1124

-3-

(11th Cir. 1992). The first step in determining the validity of a § 1983 claim is to identify the specific constitutional right that has been infringed. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Plaintiff Cusick suggests that his due process rights were violated when he was arrested pursuant to an illegal stop and seizure. In Baker, the Supreme Court held that a defendant who was arrested and incarcerated for three days pursuant to a valid arrest warrant had suffered no constitutionally recognized injury. Id. at 144. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released." Id., at 145; see also, Von Stein v. Brescher, 904 F.2d 572, 578 n. 9 (11th Cir. 1990). ("'Probable cause' defines a radically different standard than 'beyond a reasonable doubt,' and while an arrest must stand on more than suspicion, the arresting officer need not have in hand evidence sufficient to obtain a conviction.").

In Albright v. Oliver, 510 U.S. 266, 268 (1994), the Supreme Court refused to recognize a substantive due process right to be free from criminal prosecution except upon probable cause. Pursuant to Baker and Albright, Cusick could not state a claim under section 1983. It is true that "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest," Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996)(emphasis added). However, in Plaintiff Cusick's case, his current incarceration was the result of revocation of his probation, rather than any arrest arising out of his encounter with the Defendant police officers named in the complaint.

Accordingly, the Court orders:

That Plaintiff's motion for reconsideration (Doc. No. 9) is denied.

ORDERED in Tampa, Florida, on ____August 25____, 2005.


_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

PRO SE: Alfred Cusick